UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERRISH CASTANEDA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>STATE OF CALIFORNIA,<br>DEPARTMENT OF MOTOR VEHICLES,<br>et al.,<br><br>　　　　Defendants. | No.  2:24-cv-0788 DC SCR PS<br><br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS |

Plaintiff is proceeding pro se in this action, which was accordingly referred to the undersigned by Local Rule 302(c)(21).  Plaintiff has filed a motion for leave to proceed in forma pauperis ("IFP") and submitted the affidavit required by that statute.  *See* 28 U.S.C. § 1915(a)(1).  The motion to proceed IFP, ECF No. 3, will be granted.  However, in screening Plaintiff's Complaint, as required by 28 U.S.C. § 1915(e)(2), the Court concludes that the Complaint fails to state a claim.  As explained below, the undersigned recommends that Plaintiff's claim under 18 U.S.C. § 241 and § 242 and against Defendant State of California, Department of Motor Vehicles ("DMV") be dismissed with prejudice, and that Plaintiff's claims under 42 U.S.C. § 1983 and Title I of the Americans with Disabilities Act ("ADA") against Defendant Gordon and Doe Defendants 1-1000 be dismissed with leave to amend.  The undersigned further recommends that

1

Plaintiff's Motion for Preliminary Injunction, ECF No. 2, be denied.

## I. SCREENING

### A. Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. *See Neitzke*, 490 U.S. at 327.

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable

inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

**B.  The Complaint**

Plaintiff's Complaint names several defendants: (1) DMV; (2) Steve Gordon, Director of DMV, and (3) Doe Defendants 1-1000. ECF No. 1 at 1.[1] The Complaint does not explicitly assert a basis for the Court's jurisdiction. *Id.* However, because Plaintiff and Defendant DMV are both alleged to be citizens of the State of California, *id.* at 2-3, there is no basis for diversity of citizenship jurisdiction. *See* 28 U.S.C. § 1332. Additionally, by alleging Defendants violated

---

[1] On March 14, 2024, Plaintiff initiated this case by filing several documents with the Court. Because of potential confusion about which of those documents are relevant to which portions of the analysis below, the Court briefly explains its understanding here. Plaintiff filed the following: (1) ECF No. 1, a document with the word "CLAIM" in the caption, the word "COMPLAINT" as the first and only section title, the words "INJUNCTION FOR TEMPORARY ORDER; PRELIMINARY INJUNCTION" in the footer, and an attached letter from the U.S. Equal Employment Opportunity Office; (2) ECF No. 1-1, "DECLARATION OF PLAINTIFF CHERRISH CASTANEDA 15 YEARS STATE EMPLOYEE DMV MOTION FOR ISSUANCE OF A PRELIMINARY INJUNCTION TO REINSTATE PLAINTIFF TO HER JOB UNTIL A HEARING ON THE MATTER," which includes "DECLARATION OF FACTS" in the footer, and is followed by another two-page document entitled "DECLARATION OF CHERRISH CASTANEDA"; (3) ECF No. 2, "NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION," followed by "Memorandum of Points and Authorities; and (4) ECF No. 2-1, a proposed order for preliminary injunction. Despite the confusing title in the footer of ECF No. 1, the Court construes ECF No. 1 as the Complaint and all other documents, including ECF No. 1-1, as part of Plaintiff's Motion for Preliminary Injunction. *See* ECF No. 2 (referring to Plaintiff's declarations, presumably ECF No. 1-1, as support for the motion for preliminary injunction).

her rights under 18 U.S.C. §§ 241,[2] 242, and 42 U.S.C. § 1983, *id.* at 4, Plaintiff in substance alleges federal question jurisdiction. *See* 18 U.S.C. § 1331.

Although difficult to piece together, the following allegations appear to be the basis for Plaintiff's claims: Defendants "interfered or attempted to interfere with plaintiff's rights by the use of threats, intimidation and/or coercion, in that defendants demanded "Consent to 'Mandated' Covid-19 testing through STATE contracted Companies" who collected Personal Identification Information ("PII") to market and research; Defendants conduct was ongoing for about two years and there were seven specific dates within those two years in which "noticeable" incidents occurred; "the acts that are subject of this complaint occurred on or about JUNE 24th, 2020, in Sacramento, California"; "[a]t that time and place, defendants retaliated against [Plaintiff], causing loss of the exercise and enjoyment of plaintiff's civil rights as guaranteed by the First amendment of the U.S. [*sic*] Constitution"; defendants' actions culminated in Plaintiff's resignation on March 15, 2022; and "defendants knew or should have known that their actions were likely to injure plaintiff" and "intended to cause injury to plaintiff and acted with a willful and conscious disregard of plaintiff's rights as secured in the 1st amendment of the U.s [*sic*] constitution." ECF No. 1 at 3-5. Because the Complaint is difficult to read and appears incomplete, *see id.* at 3-5 (incomplete sentences ending with commas, and several clauses with brackets suggesting information was meant to be replaced before filing but was not (e.g., "[citation of state statute]" and "[specification of conduct]")), the Court is unable to discern with certainty Plaintiff's claims and the basis for them. However, considering all of the statements in the Complaint and citations to various laws, and the attached "Determination and Notice of

---

[2] The Complaint indicates that Defendants violated 18 U.S.C. § 214, but this appears to be a typographical mistake. Section 214 concerns an offer for procurement of Federal Reserve bank loan and discount of commercial paper, which is not at issue in the Complaint. *See* 18 U.S.C. § 214. Because the Complaint alleges that Defendants "interfered/attempted to interfere with the exercise and enjoyment of plaintiff's civil rights" and "interfered or attempted to interfere with plaintiff's rights by use of threats, intimidation and/or coercion," the undersigned construes Plaintiff's claim as a claim under 18 U.S.C. § 241, which concerns a conspiracy to "injure, oppress, threaten, or intimidate any person . . . in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same." *See* 18 U.S.C. § 241.

Rights" from the Equal Employment Opportunity Commission, *id.* at 7, it appears Plaintiff is attempting to put forth claims under (1) 18 U.S.C. §§ 241 and 242; (2) 42 U.S.C. § 1983 for alleged First Amendment violations; and (3) some employment-based statute for hostile work environment and constructive discharge.

For relief, Plaintiff seeks: (1) general damages, special damages, and reasonable attorney's fees according to proof; (2) statutory penalties and punitive damages under California Civil Code § 3294; (3) a preliminary and permanent injunction against Defendants; (4) costs of suit and lost wages and benefits; (5) "[c]ompensation for emotional distress, physical pain, and/or loss of professional reputation"; and (6) "[s]uch other and further relief as the court deems just and proper." *Id.* at 5-6.

C. **Analysis**

### 1. 18 U.S.C. §§ 241 and 242 Claims

Plaintiff fails to state a claim under 18 U.S.C. §§ 241 and 242 because these statutes do not provide a private right of action. *See Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (no private right of action under 18 U.S.C. § 241); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092, (9th Cir. 1980) (no private right of action under 18 U.S.C. §§ 241 and 242). Because no additional facts could cure this fatal defect the undersigned recommends that these claims be dismissed with prejudice.

### 2. 42 U.S.C. § 1983 Claims

As an initial matter, Plaintiff's § 1983 claim against Defendant DMV is barred by the Eleventh Amendment. *See Krainski v. Nev. Ex rel. Bd. of Regents of Nev. Sys. Of Higher Educ.*, 616 F.3d 963, 967 (9th Cir. 2010) (the Eleventh Amendment bars suits against the State or its agencies for all types of relief); *Banks v. Dep't of Motor Vehicles for Cal.*, 419 F. Supp. 2d 1186, 1193-94 (C.D. Cal. 2006) (identifying the DMV as a state agency and holding that Eleventh Amendment immunity applies). Additionally, Plaintiff cannot sue Defendant DMV under § 1983 because only "person[s]" may be sued for depriving someone of their civil rights and states and their agencies are not "person[s] within the meaning of § 1983. *See Will v. Mich. State Dep't of Police*, 491 U.S. 58, 65 (1989). Accordingly, Plaintiff's § 1983 claim against Defendant DMV

5

should be dismissed with prejudice.

Although the Eleventh Amendment bars suits against the state and state agencies like Defendant DMV, it does not preclude all suits against state officials like Defendant Gordon. While an official capacity claim against a state official is merely another way of pleading an action against the entity of which the defendant is an officer, *Lewis v. Clarke*, 581 U.S. 155, 162 (2017), the Eleventh Amendment only bars suits for *damages* against state official in their *official capacity*. It does not bar suits against state officials in their official capacity for prospective declaratory or injunctive relief. *See Doe v. Regents of the Univ. of Cal.*, 891 F.3d 1147, 1153 (9th Cir. 2018); *Will*, 491 U.S. at 71 n.10. Moreover, a plaintiff may seek monetary damages under § 1983 against state officials in their *personal or individual capacities*. *See Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016) (the Eleventh Amendment does not bar claims for damages against state officials in their personal capacities); *Cornel v. Hawaii*, 37 F.4th 527, 531 (9th Cir. 2022) (state officials sued in their personal capacity are persons for purposes of § 1983 and can be sued for monetary damages). However, for the reasons stated below, the Court finds that Plaintiff has not stated cognizable § 1983 claims against Defendant Gordon or Doe Defendants 1-1000 in their individual or official capacities and recommends dismissal with leave to amend.

To state a claim under § 1983, Plaintiff is required to plead that (1) a defendant acting under color of state law, (2) deprived plaintiff of rights secured by the Constitution or federal statutes. *See Benavidez v. County of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021). It is unclear in what manner Plaintiff believes her First Amendment rights were violated, however, it is clear she is asserting such violation. *See* ECF No. 1 at 4 (two references to violations of Plaintiff's First Amendment rights).

To prevail on a § 1983 claim of First Amendment retaliation, a public employee must establish: "(1) that he or she engaged in protected speech; (2) that the employer took 'adverse employment action'; and (3) that his or her speech was a 'substantial or motivating factor for the adverse employment action." *Coszalter v. City of Salem*, 320 F.3d 968, 973 (9th Cir. 2003). To constitute "protected speech," the speech must address a matter of public concern. *Connick v. Myers*, 461 U.S. 138, 146 (1983). "Whether an employee's speech addresses a matter of public

concern is a pure question of law that must be determined 'by the content, form, and context of a given statement, as revealed by the whole record.'" *Karl v. City of Mountlake Terrace*, 678 F.3d 1062, 1069 (9th Cir. 2012) (quoting *Connick*, 461 U.S. at 147-48 & n.7).

Content is the most important factor. *Id.* "[S]peech that deals with 'individual personnel disputes and grievances' and that would be of 'no relevance to the public's evaluation of the performance of governmental agencies' is generally not of 'public concern.'" *Id.* (quoting *Coszalter*, 320 F.3d at 973). In contrast, "[s]peech involves a matter of public concern when it can fairly be considered to relate to 'any matter of political, social, or other concern to the community.'" *Id.* (quoting *Johnson v. Multnomah Cnty*, 48 F.3d 420, 422 (9th Cir. 1995) (quoting *Connick*, 461 U.S. at 146)).

The Complaint does not allege what "protected speech" Plaintiff was engaged in, much less how its content, form, and context involve a matter of public concern. Plaintiff's declaration in support of her motion for preliminary injunction, however, suggests that the "protected speech" concerned DMV's Covid-19 policies and/or failure to accommodate Plaintiff's request in light of Covid-19, and that Plaintiff communicated these concerns to "other agencies from the DMV Director to Governor Newsome [*sic*] and others in between." *See* ECF No. 1-1 at 2. Although these additional facts are helpful in understanding Plaintiff's claims, the Court is still unable to assess whether Plaintiff was engaged in protected speech. For example, it is still unclear whether the issues complained about simply concerned personal grievances regarding Plaintiff's unique requests for accommodations during the Covid-19 pandemic or concerned information "members of society" need "to make informed decisions about the operation of their government."

For the Court to conduct definitive analysis, Plaintiff must include facts concerning all the elements of a First Amendment claim, as discussed above, including what speech she engaged in and why the speech she engaged in is "protected speech." Because additional facts conceivably could cure these deficiencies, the undersigned recommends the District Judge grant Plaintiff leave to amend her § 1983 First Amendment retaliation claim.

////

////

### 3. Claims under Title I of the ADA

Although not clear from the Complaint alone, Plaintiff's declaration in support of her motion for preliminary injunction suggest she is attempting to allege discrimination, hostile work environment, constructive discharge, and retaliation under Title I of the ADA, and that Plaintiff seeks monetary and injunctive relief.  See ECF No. 1-1 at 2-3.  As with Plaintiff's § 1983 claims, the Court first addresses who Plaintiff can sue under Title I and for what relief, and second, whether Plaintiff has stated a claim for relief under Title I.

As with the § 1983 claims, Title I claims against Defendant DMV are barred by the Eleventh Amendment.  *See Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 374 (2001); *Thomas v. Nakatani*, 309 F.3d 1203, 1205 (9th Cir. 2002) (Congress did not validly abrogate the state's sovereign immunity under Title I of the ADA); *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1195 (9th Cir. 2005) (sovereign immunity extends to state agencies).  By the same token, as with the § 1983 claims, sovereign immunity does not bar Title I claims against state officials in their official capacities for prospective declaratory or injunctive relief.  *Walsh v. Nevada Dep't of Human Resources*, 471 F.3d 1033, 1036 (9th Cir. 2006) (emphasis in original) (citing *Garrett*, 531 U.S. at 374 n.9, and *Ex parte Young*, 209 U.S. 123 (1908)); *see also Mohsin v. California Dep't of Water Res.*, 52 F. Supp. 3d 1006, 1012 (E.D. Cal. 2014).  However, *unlike* § 1983, Title I does not permit claims against state officials in their personal or individual capacities.  *Walsh*, 471 F.3d at 1038 ("individual defendants cannot be held personally liable for violations of the ADA").  For these reasons, the undersigned recommends that Plaintiff's Title I claims against Defendant DMV and against Defendant Gordon and Doe Defendants 1-1000 (in their individual capacities) be dismissed with prejudice.  If Plaintiff can state a Title I ADA claim against Defendant Gordon or another state official in their official capacity, Plaintiff may only seek prospective declaratory and injunctive relief.

The remaining issue is whether Plaintiff's has stated cognizable Title I ADA claims against Defendant Gordon and Doe Defendants 1-1000 in their official capacity for discrimination, hostile work environment, constructive discharge, and retaliation.  For the reasons stated below, the undersigned recommends these claims be dismissed with leave to amend.

To state a Title I ADA discrimination claim, Plaintiff must allege that she is (1) disabled under the ADA, (2) a "qualified individual with a disability", and (3) discriminated against "because of" the disability. *See* 42 U.S.C. § 12112(a) ("No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application, procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."); *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 988 (9th Cir. 2007). The ADA defines disability with respect to an induvial as (1) "a physical or mental impairment that substantially limits one or more major life activities of such individual"; (2) "a record of such an impairment"; or (3) "being regarded as having such an impairment." 42 U.S.C. § 12102(1). Plaintiff's Complaint does not establish, as required to state a claim under the ADA, that she is a person with a disability.

To state a Title I ADA hostile work environment claim, Plaintiff "must allege that [s]he was subjected to harassment because of [her] disability, and that the harassing 'conduct was sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive work environment." *Mattoida v. Nelson*, 98 F.4th 1164, 1174 (9th Cir. 2024) (quoting *Mannatt v. Bank of Am., N.A.*, 339 F.3d 792, 798 (9th Cir. 2003)). As noted above, Plaintiff fails to allege she is disabled under the ADA. Additionally, beside Plaintiff's reference to "acts that are the subject of this complaint" that occurred on seven dates over a two-year span, all we know is that she was allegedly required to consent to Covid-19 testing with two contracted companies that collected her PII for marketing and research. Without more, it is unclear how any of these allegations could support a hostile work environment claim.

To state a Title I ADA constructive discharge claim, Plaintiff must allege that "working conditions deteriorate[d], as a result of the discrimination, to the point that they bec[a]me sufficiently extraordinary and egregious." *E.E.O.C. v. Placer ARC*, 114 F. Supp. 3d 1048, 1062 (E.D. Cal. 2015) (quoting *Brooks v. City of San Mateo*, 229 F.3d 917, 930 (9th Cir. 2000) (citations omitted)). Having failed to state a Title I ADA claim for hostile work environment, Plaintiff also fails to state a claim for constructive discharge. *See Brooks*, 229 F.3d 917 ("Where a plaintiff fails to demonstrate the severe or pervasive harassment necessary to support a hostile

work environment claim, it will be impossible for her to meet the higher standard of constructive discharge: conditions so intolerable that a reasonable person would leave the job.").

To state a Title I ADA retaliation claim, Plaintiff must allege "(1) involvement in a protected activity, (2) an adverse employment action, and (3) a causal link between the two." *Coons v. Secretary of United States Dep't of Treasury*, 383 F.3d 879, 887 (9th Cir. 2004) (quoting *Brown v. City of Tuscon*, 336 F.3d 1181, 1187 (9th Cir. 2003)).  Under Title I, the "protected activity" must involve the employee seeking a disability-related accommodation.  In short, to state a claim, a plaintiff must "establish a link between his request for a reasonable accommodation and his demotion." *Id*.  Plaintiff's Complaint hints at an adverse employment outcome—forced resignation—but does not plead facts showing that she has a disability, what concrete adverse action Defendants took against her, what accommodation she may have requested, or a link between any accommodation and any adverse action.

Although Plaintiff fails to state any type of Title I ADA claim against Defendant Gordon or Doe Defendants 1-1000, rather than recommend dismissal, the undersigned recommends that Plaintiff be given leave to amend these claims to the extent she only seeks prospective declaratory or injunctive relief.

### 4. Federal Rule of Civil Procedure Rule 8

In addition to failing to state a claim, as described above, the Complaint does not comply with Federal Rule of Civil Procedure 8(a)(1)-(2) as it does not provide a short, plain statement showing Plaintiff is entitled to relief.  As noted on multiple occasions, the exact nature of Plaintiff's claims is unclear from the Complaint, and only by reading the declarations that are part of Plaintiff's motion for preliminary injunction is the Court able to somewhat decipher what claims the Plaintiff might be pursuing.  And even with the additional information in the declarations, these are just the Court's best guesses as to what Plaintiff's claims are and what they are based on.

Accordingly, as it stands now, the Complaint fails to state a claim on which relief may be granted and fails to comply with Rule 8.  Because amendment could potentially cure the deficiencies of some of Plaintiff's claims, the undersigned recommends that Plaintiff be granted

leave to amend her First Amendment retaliation claim and her Title I ADA claims against Defendant Gordon and Doe Defendants 1-1000. All other claims should be dismissed with prejudice.

## II. PRELIMINARY INJUNCTION

According to Plaintiff, the motion for preliminary injunction is based upon the memorandum of points and authorities and Plaintiff's declarations, which were filed concurrently. *See* ECF No. 2 at 2; *see also* ECF No. 1-1 (Plaintiff's two declarations in support of Plaintiff's motion for preliminary injunction). The Court notes that the memorandum and points of authority is even more confusing than the Complaint and cites to inapplicable law and rules.[3] Plaintiff's declarations, however, shed some light on the basis for her request for injunctive relief.

Plaintiff seeks a preliminary injunction because she lost her job at the DMV as a result of the pandemic, which involved her "los[ing] her life support system as a civil servant." ECF No. 2 at 3. She seeks reinstatement at the DMV and three years of lost wages or "equivalent payment of lost wages for 20 years, plus retirement, medical vision and dental for self and family for the reminding [sic] life expectancy of 80 years with average cost of increase included." *Id.* at 4. Plaintiff also seeks approximately $3.3 million dollars to make her whole. *Id.*

Plaintiff's request for a preliminary injunction should be denied. "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). A plaintiff seeking a preliminary injunction must generally establish all four of the following elements: (1) likely success on the merits of his underlying case; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015). A plaintiff may also prevail by showing serious questions going to the merits, irreparable harm, and a balance of equities that tips strongly in the plaintiff's favor. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011). At a

---

[3] Plaintiff's motion incorrectly cites to California Code of Civil Procedure § 526(a) and Superior Court of California, County of Sacramento's Local Rule 1.06. The correct citations for a preliminary injunction in the U.S. District Court for the Eastern District of California are Federal Rule of Civil Procedure 65(a), and Eastern District Local Rule 231.

minimum, Plaintiff is not entitled to a preliminary injunction because he cannot state a claim upon which relief can be granted. Failure to state a claim categorically dooms a motion for a preliminary injunction. *See Arc of Cal. v. Douglas*, 757 F.3d 975, 993-94 (9th Cir. 2014) (citing *E & J Gallo Winery v. Andina Licores S.A.*, 446 F.3d 984, 990 (9th Cir.2006)).

### III.  AMENDING THE COMPLAINT

If Plaintiff chooses to amend the Complaint, the amended complaint must contain a short and plain statement of Plaintiff's claims. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). As noted above, forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not force the Court and the Defendants to guess at what is being alleged against whom. *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint should contain specific allegations as to the actions of each named Defendant *and* allege facts to support *each* individual claim.

Also, the amended complaint must not refer to a prior pleading to make Plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Pacific Bell Tel. Co. v. Linkline Communications, Inc.*, 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### IV.  PRO SE PLAINTIFF SUMMARY

The magistrate judge is recommending that your case be dismissed because some claims cannot be brought by you (18 U.S.C. §§ 241 and 242), you cannot sue certain defendants (Defendant DMV), or you have not sufficiently alleged claims under 42 U.S.C. § 1983 or Title I of the ADA.  However, because you could potentially provide additional facts to state claims under § 1983 and Title I, the undersigned is recommending that you be granted leave to amend those claims.  The undersigned is also recommending that your motion for preliminary injunction be denied.

You can object to these recommendations in writing within 14 days.  The District Judge will consider your objections and make a final decision.

### V.  CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's application to proceed IFP (ECF No. 3) be GRANTED.

**IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's claims against all Defendants under 18 U.S.C. § 241 and 242 be DISMISSED with prejudice;

2. Plaintiff's claims against Defendant DMV be DISMISSED with prejudice;

3. Plaintiff's § 1983 and Title I ADA claims against Defendant Gordon and Doe Defendants 1-1000 be DISMISSED without prejudice;

4. Plaintiff be granted leave to amend her § 1983 and Title I ADA claims against Defendant Gordon and Doe Defendants 1-1000.

5. Plaintiff's motion for preliminary injunction (ECF No. 2) be DENIED.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen days** after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The plaintiff is advised that failure to file objections within the

////

specified time may result in waiver of the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 16, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE