UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| CHERRISH CASTANEDA, | No. 2:24-cv- 0788-DC-SCR |
|---|---|
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| STEVE GORDON, | |
| Defendant. | |

 Plaintiff Cherrish Castaneda is proceeding pro se in this action, which was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). On March 14, 2024, Plaintiff filed an application to proceed in forma pauperis ("IFP"). ECF No. 3. On December 16, 2024, upon screening the Complaint, the undersigned granted the IFP application but recommended dismissal of every asserted claim. ECF No. 6 at 13. However, the undersigned also recommended that dismissal of claims against Defendant Steve Gordon under 42 U.S.C. § 1983 and Title I of the Americans with Disabilities Act was to be without prejudice and with leave to amend. *Id.* On February 6, 2025, District Judge Dena Coggins adopted the Findings and Recommendations and ordered that Plaintiff file any such First Amended Complaint ("FAC") within 30 days. ECF No. 7 at 2-3.

 On June 11, 2025, the undersigned issued a minute order advising Plaintiff that no FAC was on file. ECF No. 8. Plaintiff was ordered to show cause as to her failure to file the FAC, or alternatively file such FAC, within 14 days. *Id.* The Court warned Plaintiff that failure to comply

1

would result in recommendations to dismiss this action. *Id.* As of these Findings and Recommendations, Plaintiff has not complied with this order.

When deciding whether to recommend dismissal for failure to comply with a court order, the Court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (citation omitted). "The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). The Court's need to manage its docket also weighs in favor of dismissal, particularly given the heavy caseload in this District. The third factor is neutral given that Defendant has not yet appeared, but "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). The fourth factor weighs against dismissal, but less so if Plaintiff is not precluded from litigating this matter. The Court has considered less drastic alternatives and concludes that dismissal without prejudice is appropriate.

Accordingly, **IT IS HEREBY RECOMMENDED THAT** this action be DISMISSED WITHOUT PREJUDICE.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Local Rule 304(d). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 11, 2025

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE